**William H. LEBOWITZ and Frances Lebowitz**

v.

**Joseph J. ABDELLA et al.**

**Civ. A. No. 6475.**

United States District Court
D. Connecticut.

Oct. 30, 1958.

Spiro & Levine, Danbury, Conn., for plaintiffs.

Joseph Schwartz, Danbury, Conn., for Federal Glass Co.

Jules J. Bielizna, Danbury, Conn., for Chudy.

Louis Katz, Danbury, Conn., for Matz Lumber Co.

Norman A. Buzaid, Danbury, Conn., for Scalzo.

Simon S. Cohen, U. S. Atty., and Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., for United States.

J. JOSEPH SMITH, Chief Judge.

Plaintiff, William H. Lebowitz, owner of real property at 65 West Street, Danbury, contracted on August 22, 1955 with

Joseph J. Abdella for the construction of a one family house thereon, at a contract price of $20,400.

The contract provided for the payment of $2,000 down, $6,000 when the foundation, first floor joists and sheathing were in place, $6,000 when the roof was completed, and the balance of $6,400 within 30 days after total completion of the work. Furnishing of waivers of lien by the contractor and all subcontractors and materialmen was made a condition precedent to payment. On unreasonable neglect or suspension of work the owner was empowered to terminate the contract, complete the work and deduct the cost of completion from the contract price. Payments were made by Lebowitz to Abdella as follows:

| | |
|---|---|
| August 22, 1955 | $ 2,000 |
| November 2, 1955 | 6,000 |
| December 1, 1955 | 6,000 |
| Total | $14,000 |

Abdella abandoned the work before completion and Lebowitz contracted directly for materials and labor to complete the job and made the following payments thereon:

| | |
|---|---|
| James E. Gallagher (painting) | $ 628.00 |
| B. J. Dolan (cement) | 176.65 |
| Matz Lumber Co. (lumber) | 556.69 |
| Danbury Plumbing Supply Co. (plumbing supplies) | 457.96 |
| Acme Sheet Metal (gutters) | 160.00 |
| | $1,979.30 |

On January 13, 1956, The United States of America filed a notice of levy of a tax lien ($13,527.23) against the property and property rights of Abdella with the plaintiffs.

Four defendants, Federal Glass Company, Scalzo, Chudy and Matz Lumber Co. filed certificates of mechanics' lien after timely notice in accordance with Conn.Gen.Stat., Rev. 1949, Sec. 7218, and have timely commenced suit to foreclose thereon.

Federal Glass Co. furnished material from December 1955 to January 11, 1956 in the amount of $1,635.47 and filed lien February 29, 1956.

Scalzo furnished materials and services from January 25, 1956 to February 8, 1956 in the amount of $574.95, and filed lien March 28, 1956.

Chudy furnished materials and services from December 30, 1955 to January 27, 1956, in the amount of $1,600 and filed lien February 9, 1956.

Matz Lumber Co. furnished materials from November 19, 1955 to January 16, 1956 in the amount of $1,476 and filed lien January 18, 1956.

Plaintiffs filed suit for interpleader, in the Court of Common Pleas for Fairfield County, which was removed to this court by the United States. In the action plaintiffs deposited in the registry of the Court the balance of the contract price $4,420.70 after deduction of the payments made to complete the job.

Abdella failed to appear and was defaulted.

Abdella had furnished waivers of mechanics' liens executed by himself and by some materialmen and subcontractors, but failed to obtain and furnish waivers from the four claimant defendants Federal Glass, Scalzo, Chudy and Matz Lumber.

Plaintiffs incurred costs of $44.65 in this action.

A reasonable attorney's fee for bringing the action, opposing a motion to dismiss, opposing a motion for summary judgment, factual research on the validity of the liens, legal research, attendance at pre-trial conference and incidental services is $500.

## Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter of the action.

2. Abdella having failed to complete the job or provide waivers of lien by all subcontractors and materialmen, nothing is due him under the contract.

3. There are and were no funds due Abdella in the hands of plaintiffs to which the notice of levy of tax lien could attach.

4. Plaintiffs in interpleader are entitled to their costs of suit and reasonable attorney's fees from the funds, a total of $544.65.

5. Defendant claimants Federal Glass, Scalzo, Chudy, and Matz Lumber are entitled to share in the balance of the fund, $3,876.05 in proportion to the amounts due on their liens on the realty, as found above.

## Discussion

The United States claims a prior lien on the balance remaining unpaid on a building contract with taxpayer, a general contractor. If relative priority between mechanic's lienors and tax liens in a fund due a taxpayer were solely involved, or if the owner were the taxpayer, the claim of the United States might prevail. The United States v. Kings County Iron Works Co. case, 2 Cir., 224 F.2d 232, relied upon by the United States, rejects the lienor's claim in a "trust fund" state. While it does hold that the private contractual arrangements—apparently for direct payment of subcontractors—may not defeat the tax claim, it is doubtful that the contract there, as here, made the furnishing of lien waivers specifically a condition precedent to entitlement to payment on the part of the general contractor. Plaintiffs set up the balance due under the contract with Abdella as the original contract amount less the amounts it had paid for completion. They have contended throughout, however, that there is no obligation to pay this amount to Abdella until the contract provision for waivers of lien has been complied with, a provision beyond Abdella's present power to fulfill. Under the contract in question here, furnishing by the contractor of waivers of all liens was made a condition precedent to entitlement to payment from the owner. Since Abdella never furnished the waivers, no fund became due to him to which the tax levy could attach. The fund may therefore be utilized to discharge pro tanto the obligations on the land to the lienors who helped create the improvement thereon.

Judgment may enter providing for the payment from the fund of $544.65 to plaintiffs in care of counsel for attorney's fees and costs, and

to defendant Federal Glass Co. of $\dfrac{1635.47 \times 3876.05}{5286.42}$

to defendant Scalzo of $\dfrac{574.95 \times 3876.05}{5286.42}$

to defendant Chudy of $\dfrac{1600. \times 3876.05}{5286.42}$

and to defendant Matz Lumber Co. of $\dfrac{1476. \times 3876.05}{5286.42}$

and providing for discharge of the mechanics' liens and declaring that no tax lien attached to any funds in plaintiff's hands because none were owing to Abdella.